IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JIMMY O'NEAL BROWN,

    Petitioner,

v.                                CIVIL ACTION NO. 5:01-0410
                                  CRIMINAL NO. 5:98-00189-01

UNITED STATES OF AMERICA,

    Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the court regarding a number of issues.  First, this matter is before the court on two sets of objections filed by petitioner to proposed findings and recommendations filed by United States Magistrate Judges Mary S. Feinberg and R. Clarke VanDervort (Docket Nos. 119 and 154).

      For the reasons discussed below, these objections are **OVERRULED**.  As such, (1) petitioner's motion under 28 U.S.C. § 2255 (Docket No. 112) is **DISMISSED**, (2) petitioner's motion to vacate judgment order and correct sentence (Docket No. 148) is **DISMISSED**, (3) petitioner's motion to amend supporting brief and objections (Docket No. 185) is **DENIED**, and (4) the Clerk is **DIRECTED** to strike this case from the active docket of the court.

      **A.  Facts and Procedural History**

      There is a somewhat tangled procedural history associated with this case.  Petitioner is currently serving a 188-month period of imprisonment upon his guilty plea and conviction for

aiding and abetting possession with intent to distribute
methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1)
and 18 U.S.C. § 2, to be followed by a five-year term of
supervised release.  Defendant's direct appeal was unsuccessful.
See United States v. Brown, 200 WL 1578412 (4th Cir. Oct. 19,
2000).

        Petitioner filed his application under 28 U.S.C. § 2255 on
May 14, 2001.  (Docket No. 112.)  By Standing Order entered May
7, 1999, this case was referred to United States Magistrate Judge
Mary S. Feinberg.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the
Standing Order directs the magistrate judge to submit proposed
findings and recommendation concerning the disposition of this
matter.  Magistrate Judge Feinberg submitted her Proposed
Findings and Recommendation on July 24, 2001 (Docket No. 117), to
which petitioner timely filed objections on August 13, 2001
(Docket No. 119).  In her Proposed Findings and Recommendation,
the magistrate judge recommended that the district court deny
petitioner's § 2255 motion, and order its summary dismissal.
From its review of the docket, it does not appear that this court
ever took any action regarding petitioner's objections or
Magistrate Judge Stanley's Proposed Findings and Recommendation.

        On January 14, 2002, a second Standing Order was entered in
this case referring this case to United States Magistrate Judge
R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the

-2-

Standing Order directs the magistrate judge to submit proposed findings and recommendation concerning the disposition of this matter.  Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on May 13, 2004 (Docket No. 150). to which petitioner filed timely objections on May 24, 2004 (Docket No. 154).  Magistrate Judge VanDervort made the following recommendations:  (1) that the district court deny petitioner's Motion to Vacate Judgment Order and Correct Sentence (Docket No. 148), (2) dismiss petitioner's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Docket No. 112), and (3) that the court dismiss this case without prejudice and remove it from the court's docket.

Petitioner filed timely objections on May 24, 2004 (Docket No. 154).  Because petitioner filed timely objections to the findings of both magistrate judges, the court must conduct a de novo review of the record as to the issues raised in both sets of proposed findings and recommendations.

**B.  Objections to the July 24, 2001 Proposed Findings and Recommendation**

In her Proposed Findings and Recommendation, Magistrate Judge Feinberg addressed petitioner's arguments that he should be entitled to withdraw his plea based on irregularities at the West Virginia State Police laboratory, that his guilty plea resulted

from ineffective assistance of counsel, and that he was entitled to an evidentiary hearing.

Regarding petitioner's first argument, the magistrate judge concluded that because defendant's guilty plea constituted an admission of the elements of the alleged offense, and because none of petitioner's allegations suggest that his guilty plea was not knowing and voluntary, petitioner's claim was effectively mooted.  (See Docket No. 117 at 3-4.)

Regarding petitioner's second argument, the magistrate judge concluded that petitioner's counsel's representation fell within the standard dictated in Strickland v. Washington, 466 U.S. 668 (1984).  (See id. at 5-7.)

Regarding petitioner's third argument, the magistrate judge concluded that petitioner was not entitled to any evidentiary hearing because it plainly appeared from the face of the motion that petitioner was not entitled to relief.  (See id. at 8.)

In his objections, petitioner contends that because the irregularities at the State Police laboratory were "basic procedural defects which were constitutional in nature" and because petitioner, his counsel, and counsel for the government asked the court for the substances involved in this case to be retested, his subsequent guilty plea did not cure these defects as the magistrate judge suggested.  (Docket No. 119 at 2-3.) Regarding the magistrate judge's finding regarding his

-4-

ineffective assistance claim, petitioner contends that his counsel's failure to discover the original indictment in this case constituted ineffective assistance. (<u>Id.</u> at 5.)  He appears to indicate that an evidentiary hearing is necessary to resolve his ineffective assistance claim. (<u>Id.</u> at 7.)

The court now examines each of petitioner's objections in turn.

### 1.   State Police Laboratory Defects

In her proposed findings and recommendations regarding petitioner's argument that he should be permitted to withdraw his guilty pleas based on evidentiary irregularities which may have tainted grand jury proceedings, Magistrate Judge Feinberg indicated that it is well-settled that errors in grand jury proceedings are rendered harmless by subsequent conviction.  In his objections to her findings, petitioner states that neither <u>United States v. Mechanik</u>, 475 U.S. 66, 73 (1986), nor <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969), both cited by the magistrate judge, hold that a guilty plea waives a criminal defendant's right to an indictment.

<u>Mechanik</u> deals with this exact situation.  In <u>Mechanik</u>, the court, in examining alleged procedural defects before the grand jury, the court stated that "[n]o long line of precedent requires the setting aside of a conviction based on a rule violation in the antecedent grand jury proceedings."  475 U.S. at 70.

Instead, the Supreme Court chose to apply Federal Rule of
Criminal Procedure 52(a), which provides that errors not
affecting substantial rights should be disregarded.  Id. at 71.
As the magistrate judge noted, petitioner's own testimony
provided an admission of the essential elements of the offense to
which he was charged.  This proposition finds significant support
in Fourth Circuit decisions.  See United States v. Higgs, 353
F.3d 281, 306-07 (4th Cir. 2003); United States v. Hall, 55 Fed.
Appx. 653, 654 (4th Cir. 2003).

        Further, the magistrate judge did not cite McCarthy
regarding petitioner's rights before the grand jury; instead, she
cited it for the proposition that petitioner's guilty plea
constitutes an admission of all of the essential elements of the
offense to which petitioner pled guilty.  (See Docket No. 117 at
3) (citing McCarthy v. United States, 394 U.S. 459, 466 (1969)).
Because the sum of these two cases stands for the proposition
that the magistrate claims it does, petitioner's first objection
is accordingly OVERRULED.

        The court hereby finds that petitioner's guilty plea to the
offense constituted an admission of the essential elements,
including the identity and quantity of the controlled substances.
Any irregularities at the West Virginia State Police laboratory
do not constitute a fair and just reason for withdrawal of
petitioner's plea.  Further, none of petitioner's allegations

-6-

suggest that any irregularity found in the grand jury proceedings prejudiced petitioner.

### 2.   Ineffective Assistance Claim

Petitioner's second objection is that his claims of ineffective assistance are based on his counsel's failure to obtain through discovery any indictment; that various Brady violations occurred, including the original affidavit not being turned over by prosecutors; and that counsel failed to object to the original complaint which contained different information than the government laboratory reports it was allegedly based on. (Docket No. 119 at 5.)  Further, petitioner alleges that his counsel stated on the record that there was no known defense for trial and that petitioner would be facing a lengthy sentence if convicted.  (Id. at 6.)  The court notes that these appear to be different arguments than petitioner raised in his petition which was evaluated by the magistrate judge.

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  Strickland provides a two-pronged test for determining whether a defendant received adequate assistance of counsel: first, a defendant must show the representation fell below an objective standard of reasonableness, see id. at 687-91; second, the defendant must show that, but for counsel's unprofessional error, the result of the proceeding would have been different.

Id. at 694.  Regarding the first prong, there is a strong
presumption that the conduct of counsel was in the wide range of
what is considered reasonable professional assistance, and a
reviewing court must be highly deferential to the performance of
counsel.  See id. at 688-89.

     In the context of a guilty plea, a defendant must show that
but for counsel's incompetence, he would not have pled guilty.
See generally Hill v. Lockhart, 474 U.S. 52 (1985).  In his
petition, petitioner cited two instances of alleged ineffective
assistance: (a) his counsel's failure to challenge the validity
of the evidence before the grand jury; and (b) his counsel's
failure to object to a "jurisdictional defective indictment."
These arguments are based on the alleged irregularities in
testing the controlled substance at the State Police Laboratory,
and on Apprendi v. New Jersey, 530 U.S. 466 (2000).

     As the magistrate judge noted, petitioner's argument lacks
the factual predicates necessary to be successful.  Petitioner's
attorney could not have attacked the evidence before the grand
jury because petitioner's case was presented to the grand jury a
full twenty-three months before any evidentiary irregularities
came to light.  Similarly, should petitioner's lawyer have argued
that the grand jury needed to be instructed on the elements of
his offense when defendant's case was presented, he would have
failed as courts have consistently rejected that argument.  See

United States v. Dorlouis, 107 F.3d 248, 252 (4th Cir. 1997);
United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996).
Inasmuch as there is no case law supporting the notion that
defense counsel has an obligation to predict future decisions
which are entirely contrary to then-current precedent, counsel
was not ineffective for not raising this challenge.  Further,
Apprendi stands for the proposition that facts which increase the
penalty for an offense beyond the prescribed statutory maximum
must be submitted to a jury and proved beyond a reasonable doubt.
Because petitioner's sentence is significantly below that
provided in 21 U.S.C. § 841, there is no valid Apprendi challenge
here to be made.  As such, petitioner's Apprendi challenge fails
and his objections regarding it are OVERRULED.

     In petitioner's objection, he provides additional reasons
why his counsel was ineffective.  Petitioner's new arguments are,
in short, that his counsel's failure to discover his initial
indictment was reversible error.  Even taking this new allegation
as true, under Strickland, however, this claim necessarily fails
because petitioner provides no evidence showing but for his
counsel's unprofessional conduct, he would not have pleaded
guilty.  Hill v. Lockhart, 474 U.S. 52 (1985).  Petitioner makes
no showing of prejudice.  Regarding his attorney's failure to
discover the initial indictment in this case, petitioner does not
argue that he had no notice of the charges in this case; instead,

-9-

his argument appears to be that his counsel should have fought longer in the hopes that some evidentiary issue such as the one embodied in the irregularities with the West Virginia State Police laboratory would surface.  Petitioner does nothing to demonstrate that the materials contained in his initial indictment did anything to aid his case; as such, he has not met the required showing under Brady.  Petitioner in no way proves that his counsel was anything other than reasonably effective given the information that could be ascertained at the time of his plea.  As such, petitioner's objection is OVERRULED.

### 3.  Lack of an Evidentiary Hearing

Petitioner's third objection is that he did not receive an evidentiary hearing he was entitled to receive.  (Docket No. 119 at 7.)  The magistrate judge stated that Rule 8 of the Rules Governing Section 2255 Proceedings provides that "[i]f it appears that an evidentiary hearing is not required, the judge shall make a disposition of the motion as justice dictates."  A hearing is required "[u]nless the motion and the filed and records of the case conclusively show that the prisoner is entitled to no relief."  See 28 U.S.C. § 2255.  The court concurs in the magistrate judge's findings regarding giving petitioner an evidentiary hearing on the case as it stood before Magistrate Judge Feinberg for proposed finding and recommendation. Petitioner's objection is therefore OVERRULED.

For the reasons discussed above, court hereby confirms and accepts the findings and recommendations contained in Magistrate Judge Feinberg's July 24, 2001 Proposed Findings and Recommendations to the extent they do not differ with the court's conclusions discussed below.

### C. Objections to the May 13, 2004 Proposed Findings and Recommendation

In his Proposed Findings and Recommendation, Magistrate Judge VanDervort rejected petitioner's argument that his sentence should be vacated because the district court improperly determined that he was a career offender under Section 4B1.1 of the United States Sentencing Guidelines because petitioner did not present this argument on direct appeal. (<u>See</u> Docket No. 150 at 1-2.) In his objections to this finding, petitioner states that this procedural bar is not applicable because he is actually innocent of the offenses used to label him a career criminal. (Docket No. 154 at 1-2.) Further, petitioner contends that the district court erred when it determined that petitioner's prior offenses were "counseled" and not "uncounseled." (<u>Id.</u> at 4-6.)

In his objections, petitioner fleshes out his factual argument to an extent that was not previously before the magistrate judge. Petitioner indicates at his sentencing, a document that he was presented entitled "<u>Waiver of Right to Have Appointed Counsel or Services of Public Defender</u>," allegedly arising out of his 1988 conviction, actually came from a

probation violation hearing as a result of his 1988 criminal conduct.[1]  Petitioner indicates that the waiver discussed in his testimony before the court had nothing to do with the 1988 conviction, but was instead related to a probation revocation on his 1986 offense.  He claims that he was not able to articulate this at the time of his sentencing out of fear of the sentencing judge.

Further, petitioner argues that a second document submitted into evidence at his sentencing was weighed incorrectly by the district court.  Regarding the letter discussing "standard practice" of the South Carolina courts in 1986, petitioner indicates that even though he knew that he had not had counsel at the time of either of his predicate convictions, he was confused and afraid to argue with the court at that time.  Even if it was "standard practice" to appoint criminal counsel, petitioner claims that he "slipped through the cracks."  (Obj. at 7.) Petitioner buttresses this testimony with a sworn affidavit to this effect.

Finally, petitioner presents the factual summary of a recent South Carolina habeas action petitioner filed in which the trial judge describes petitioner's predicate convictions as "uncounseled."  It is not clear from this opinion whether this

---

[1]  Petitioner indicates that he was on probation as a result of his 1986 conviction.

description arose from the trial court examining the records in the underlying cases or just from restating petitioner's allegations when he filed his petition.  (See Docket No. 148 at 8.)  Further, he provided the magistrate judge with several cases saying that were petitioner to be housed in South Carolina prisons, he would have a right to challenge these sentences. (See Docket No. 154 at 13, 15.)

Errors by the sentencing court should be raised on direct appeal.  Failure to raise such issues is considered a procedural default.  However, procedurally defaulted claims are not barred per se.  "In order to proceed on a § 2255 motion 'based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Maybeck, 23 F.3d at 891 (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)).  Maybeck on its face applies to unappealed guilty pleas and § 4B1.1 of the Guidelines.  See id. at 892.

Given the holding in Maybeck, if petitioner can demonstrate actual innocence of the conduct needed to fulfill the sentencing enhancement, his procedural default is excused.  See id. at 892-93.  If petitioner shows that the failure to remedy the errors of which petitioner complains would result in a miscarriage of justice, the court should entertain a collateral attack on an

otherwise procedurally-defaulted claim. <u>See</u> <u>United States v.</u> <u>Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999).

Petitioner's claim falls into the miscarriage of justice exception. A defendant may challenge the validity of a prior conviction at sentencing on the grounds that he was denied counsel. <u>Custis v. United States</u>, 511 U.S. 485, 497 (1994). However, under such a situation, the defendant or petitioner bears the burden of showing by a preponderance of the evidence that a prior conviction was invalid. <u>United States v. Jones</u>, 977 F.2d 105, 109 (4th Cir. 1992).

In <u>United States v. McVay</u>, 32 Fed. Appx. 661, 663 (4th Cir. Sept. 28, 2001), the court examined a case analogous to petitioner's. In doing so, the court concluded that the Supreme Court has held that a defendant must establish that the prior state conviction was obtained in violation of his Sixth Amendment right to court-appointed counsel. <u>Id.</u> (citing <u>Custis v. United States</u>, 511 U.S. 485, 496 (1994)). Once the government establishes the fact of the prior conviction, the burden rests upon defendant to show that the conviction sought to be used as a predicate under § 4B1.1 is subject to the <u>Gideon v. Wainwright</u> exception to <u>Custis</u>. <u>Id.</u> (citing <u>Parke v. Raley</u>, 506 U.S. 20, 31 (1992) (stating that "[e]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of

regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.")).

Here, petitioner asserts that his state court convictions were obtained in violation of his right to court-appointed counsel.  Therefore, the court agrees that it falls into the exception to the rule announced in Custis and can be considered upon its merits.  To the extent the magistrate judge opined otherwise, the court declines to follow his report and recommendation.

However, because the magistrate judge held in the alternative, his findings and recommendation need not be dismissed in their entirety.  In evaluating petitioner's arguments, the magistrate judge found that petitioner has not submitted any evidence which is, or could be, a basis for vacating or correcting his sentence.  Here, the court must agree. The magistrate judge's findings were based in large part on the fact that the current prosecuting attorney had offered statements concerning his district's customary practice in cases involving unrepresented defendants.  Such testimony is clearly permitted by McKay and is bolstered by the presumption of regularity that accompanies state court proceedings.  See 32 Fed. Appx. at 665 (discussing United States v. Hoggard, 61 F.3d 540, 543 (7th Cir. 1995) (noting propriety of accepting evidence of the "'custom and the practice' of the trial court in following proper procedures"

-15-

in such circumstances); and <u>Parke v. Raley</u>, 506 U.S. 20, 30
(1992) (noting that the "presumption of regularity" accompanying
prior convictions offered for purposes of sentence enhancement
prevents defendants from merely pointing to a missing or silent
trial transcript to prove the invalidity of the prior conviction
on collateral review)).  Although the magistrate judge considered
the opinion related to petitioner's state habeas case, he noted
that the judge did not reverse, vacate, or invalidate either
conviction deemed a predicate conviction for the district court's
finding that petitioner is a career offender under the
guidelines.[2]

The court agrees with the findings of the magistrate judge
but not his reasoning.  It is proper to dismiss petitioner's
argument because it is not clear why the South Carolina judge
stated in dicta that petitioner's two predicate convictions were
"uncounseled."  One possible, even likely, explanation is that he
was parroting what petitioner had indicated to him because it was
the simplest thing to do given that he was disposing of the case
anyway.  Another might be that the judge had access to records
different than those before this court.  If the first is the
case, then petitioner's argument is without merit.  If the second

_____

[2] The rule applied in petitioner's state habeas case,
whereas the state court declines to determine if habeas relief is
appropriate when petitioner is not in South Carolina custody, is
commonly followed in South Carolina courts.  (<u>See</u> Docket No. 154
at 13, 15.)

is the case, then petitioner has not met his burden discussed in
Jones of establishing that the state procedures were flawed.  977
F.2d at 109.  Under either case, petitioner cannot show by a
preponderance of the evidence that his prior conviction was
invalid.  As such, petitioner's objections to the magistrate
judge's findings and recommendation are OVERRULED and his
recommendations are adopted pursuant to the reasoning contained
in this Memorandum Opinion and Order.

### D.Conclusion

The Clerk is directed to mail a copy of this Memorandum
Opinion and Order to all counsel of record and plaintiff, pro se.

IT IS SO ORDERED this 29th day of September, 2005.

ENTER:

David A. Faber
Chief Judge

-17-